**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARLIN DAVIS　　　　　　　　　　 :
REG. NO. 30704-007　　　　　　　 :
FEDERAL CORRECTIONAL INSTITUTION :
100 PRISON ROAD　　　　　　　　　 :
ESTILL, SC 29918　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　 :
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　:
FEDERAL BUREAU OF PRISONS,　　　　:
320 FIRST STREET, NW　　　　　　　:
WASHINGTON, D.C. 20534　　　　　　:
　　　　　　　Defendant,　　　　　　:
　　　　　　　　　　　　　　　　　　:
UNITED STATES PROBATION OFFICE　 :
NORTHERN DISTRICT OF FLORIDA　　　:
111 N. ADAMS ST, SUITE 100　　　　:
TALLAHASSEE, FL 32301-7730　　　　:
　　　　　　　Defendant.　　　　　　:
_____ :

CASE NUMBER  1:06CV01698

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 09/29/2006

## COMPLAINT

This action is brought pursuant to 5 U.S.C. § 552a (e)(5), (g)(1)(C), (g)(1)(D), and the Fifth Amendment of the United States Constitution as to require compliance with the due process standards of fairness.

Marlin Davis (herein "Plaintiff"), is seeking varification and amendment of inaccurate factual paragraphs from a public trial contained in his Presentence Report ("PSR"). The Bureau of Prisons ("BOP") is currently using the inaccurate paragraphs to determine custody and security classifications. Plaintiff has exhausted his Administrative Remedies seeking varification and amendment.

**RECEIVED**

SEP 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF FACTS

On or about January 15, 2006, Plaintiff asked Case Manager Smith ("Mr. Smith") to review his PSR.  While reviewing the PSR, Plaintiff noticed that references relating to drug amounts had been underlined.  Plaintiff then asked Mr. Smith the purpose. Mr. Smith, explained the drug amounts are used to assign custody level.

Plaintiff then told Mr. Smith, the drug amounts being relied on in Plaintiff's PSR are inaccurate.  Mr. Smith's, reply was to list the inaccuracies on an informal resolution and he would help if possible to resolve the disputed information.

Plaintiff then listed the inaccurate paragraphs on a Informal Resolution.  After nothing could be done at the Unit Team Level, Plaintiff, then did a Request for Administrative remedy, which was denied. (Appendix A).

Plaintiff then filed a Regional Administrative Remedy Appeal requesting correction of the inaccurate paragraphs in the PSR (Appendix B), also referencing the actual trial testimony and page numbers of the trial transcripts.  On April 12, 2006, Mr Smith, called Plaintiff and said he was told to write a letter to the USPO and Plaintiff was to bring all related information.

On or about April 27, 2006 Plaintiff received a response from the Regional Administrative Remedy Appeal (Appendix B) stating in part that,

> Our investigation reveals that on March 12, 2006,
> staff refferred your concerns in writing to the
> appropriate United States Probation Office, and
> requested a written response in accordance with
> applicable policy...

The Regional Administrative Remedy Response is mistaken. The letter to the USPO (Appendix C), was written on April 12, 2006, not March 12, 2006, after Mr. Smith, received a phone call from the Regional Office while the Administrative Remedy Appeal was pending.

After receiving a response from the USPO dated April 26, 2006 (Appendix C), Mr. Smith called plaintiff to review the letter, which did not verify the accuracy of the paragraphs listed in the Mr. Smith's April 12, 2006, letter.  The response of the USPO refferred only to the actions taken by the sentencing judge and the 11th Circuit of Appeals as if Plaintiff were attacking his sentence.

Plaintiff then filed a Central Office Administrative Remedy Appeal (Appendix D) seeking varification of the inaccuracies, which was denied.

Plaintiff has exhausted his Administrative Remedies seeking verification of the inaccurate paragraphs contained in his PSR. The USPO is unwilling to verify the information and the BOP is making decisions based on the inaccurate information contained in Plaintiff's PSR.

### ARGUMENT

Federal courts have the equitable power "to order th expungement of Government records where necessary to vindicate rights secured by the constitution or by statute." **Fendler v. United States Parole Comm'n, 774 F.2d at 979** (quoting **Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C. Cir. 1975)(emphasis added))**.

The BOP maintains a system of records on Federal inmates which include the PSR and therefore is subject th the Privacy Act.

(3)

Subsection (e)(5) of the Act requires an agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy... as is reasonably necessary to assure fairness to the individual in the determination."

The inaccurate information contained in the PSR is being used by the BOP to determine custody and security classifications using an Offense Severity Scale. (BOP Program Statement 5100.07, Chaper 8, referencing Appendix B).

The trial transcripts conclusively demonstrates that the information being used to determine custody and security classifications is incorrect. Paragraph 67 of the PSR states:

> 67. Marlin Davis secured drugs from various sources in south Florida and provided **kilogram quantities of cocaine base to Jimmy Nixon on several different occasions.** Nixon had know Marlin Davis for some time and regularly procured both powder cocaine and crack cocaine from Marlin Davis which had come from various sources. On at least one occasion, **Marlin Daivs procured some crack cocaine** through Emerson Davis who accompanied Marlin Davis to the place where it was sold to Nixon.

Doc. 998 at 13.

Nixon's testimony does not support the allegations that Plaintiff "provided kilogram quantities of cocaine base to Jimmy Nixon on several different occasions."

> Q. Okay. And can you give us an estimate of how many times that you would hook up or that you did hook up with Marlin to purchase durgs?
>
> A. I -- I Really can't say the amount of times because it was a lot of times, but I imagine about eight, nine times, something like that.

R10-107-108.

Nixon's testimony is silent in reference to specific amounts of cocaine, with the exception of an occasion that he claimed to buy a "kilo of powder cocaine." R10-109-110.

The testimony of Telly Carswell does not support the PSR that,

> 69.  ...Carswell made **four trips** with Marlin Davis from Wadley, Georgia, to Fort Lauderdale, Florida for the purpose of procuring cocaine.

Doc. 998 at 13

The testimony of Telly Carswell shows,

> Q.  How many trips do you think you made?
>
> A.   Two

R10 1109-191.

The testimony of Lee Roy Smith clearly contradicts the PSR that,

> 70.  In the fall of 1991  marlin Davis met with Patricia Clarke, Michael Morgan, Michelle Kennedy, and Lee Roy Smith (on at least two different occasions) and **received 1 kilogram of cocaine** consisting of some crack and some powder cocaine which was laker cooked into crack cocaine.

Doc. 998 at 13-14.

Smith stated that only **"an ounce"** was given to Plaintiff Michael Morgan and not **1 kilogram** as the PSR stated

> We went up we stopped by Marlin Davis's trailer. At which time he was given **an ounce** of crack by Michael Morgan.

R11-1110-178.

Micnelle Kennedy's testimony did not support the 1 kilogram estimation made by the PSR   When asked on direct how much drugs was brought to Wadley, Kennedy stated

> Q.  And what...do you know how much he brought
>
> A.   (nodded negatively)
>
> Q.  No?
>
> A   no.

R10-1109 191.

The PSR also held Plaintiff responsible for 1 kilo of crack cocaine stored at the home of Michelle Kenedy's home she shared with her sister.

> 73.    ...On a second occasion, Emerson Davis asked kennedy to store approximately 1 **kilo** of crack cocaine at her home which she did, but then left town.

Michelle Kennedy's testimony refferred only to "drugs."

> Q.    Now, you mentioned there was another occasion. Did you ever store any drugs for Emerson Davis?
>
> A.    Yes.
>
> Q.    Can you tell us about that, please?
>
> A.    He was going out of town. He didn't want to take the **drugs**. He asked me if I would keep it, I said yes.

R7-1107-180-81.

The testimony of Gregory Matthews, does not support **1 kilo** of crack cocaine. Gregory Matthews said that in 1991, Emerson Davis had asked Michelle Kennedy to keep some **"dope"** at Kennedy's sister house. R7-1107-155-56, 158.

These erroneous statements are being used by the BOP in its decision making process. The primary position of plaintiff is that the inaccurate information is capable of being varified.

In **Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992)**, the court's ruling regarding challenged information contained in an agency's files is that,

> as long as the information contained in an agency's files is capable of being verified, then, under Sections (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual.

**Sellers, 954 F.2d at 312.**

The USPO was given an opportunity to verify the information but, insted chose to highlight the actions of the sentencing court

and the 11th Cir Court of Appeals.   Injunctive relief is requested to order the USPO to verify the information contained in Plaintiff's PSR using the trial transcripts and stop the BOP from using the inaccurate information untill such varifications can be made.

## CONCLUSION

For the reasons stated, Marlin Davis' request for relief should be granted and the United States Probation Office for the Northern district of Florida and the Bureau of Prisons should make the appropriate modifications to assure fairness in its decision making process.

## DECLARATION

I, the undersigned, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States, that the above statements are true and correct.   Executed on this 14th day of September, 2006

Marlin Davis
Reg. No. 30704-004
Federal Correctional Inst.
100 Prison Road
P.O. Box 699
Estill, SC 29918

**APPENDIX A**

U.S. DEPARTMENT OF JUSTICE    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MARLIN DAVIS | 30704-004 | BB | FCI ESTILL |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

Administrative Remedy is requested to correct the unresolved/incorrect paragraphs listed in my Presentence Report.  The unresolved controverted matters listed in the Presentence Report direct affects the length of sentence.

The Bureau of Prisons consults the Presentence Report (PSR) in deciding where a defendant will actually serve his sentence of confinement.  **See A Judicial Guide To The Federal Bureau of Prisons**, 11 (United States Department of Justice, Federal Bureau of prisons 1995 (noting that the "Bureau relies primarily on the Presentence Investigator Report..."); see also **United States v. Brown, 715 F.2d 387, 389 n.2 (5th Cir. 1983)** (Sentencing report affects "place of incarceration, chances for parole, and relationships with social services and correctional agencies after release from prison").

Specifically the Bureau of Prisons considers the type of offense and the length of sentence when considering an inmates placement withen the Bureau for example: USP, FCI, Low, and Camp.

The unresolved paragraphs listed in the PSR and addum are: 66, 67, 70, and 73.  The trial testimony directly contradicts the PSR.  If these paragraphs were corrected the length of sentence would be reduced.

2/13/06
DATE                                              SIGNATURE OF REQUESTER          2/13/06

**Part B– RESPONSE**

RECEIVED
WARDEN'S OFFICE

2006 FEB 15  A 11: 05

F.C.I.
ESTILL. SC

06 1698

# FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____              _____
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 404084-F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____              _____
DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)

PART B-RESPONSE

DAVIS, Marlin                      Administrative Remedy No. 404084-F1                 FCI Estill, SC
Register Number: 30704-004

This is in response to your Request for Administrative Remedy No. 404084-F1, received on
February 15, 2006, wherein you request to correct the unresolved/incorrect paragraphs listed in
your Pre-Sentence Investigation Report. You indicate the unresolved controverted matters listed
in the Pre-Sentence Investigation Report directly affect the length of your sentence.

Investigation revealed the Bureau of Prisons reviews the Pre-Sentence Investigation (PSI) Report
before deciding where a defendant will actually serve his sentence of confinement. Also, the type
of offense and the length of sentence is considered. However, the Bureau of Prisons cannot
change a PSI Report. It is the Bureau of Prisons position only a sitting judge can order a change
or amendment to a PSI Report. In the event the court orders a change in your PSI Report, your
unit team will review you for possible transfer to an appropriate facility.

Therefore, based on the above information, your Request for Administrative Remedy is denied, in
that the Bureau of Prisons cannot change PSI reports. **If you disagree with this response, you
may appeal to the Regional Director, Southeast Regional Office, 3800 Camp Creek
Parkway, S.W., Building 2000, Atlanta, Georgia 30331. Your appeal must be received in
the Regional Director's office within 20 calendar days of the date of this response.**

Matthew B. Hamidullah, Warden                                          Date  3/21/06

**APPENDIX B**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | MARLON DAVIS | 30704-004 | B-B | FCI ESTILL |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

THIS APPEAL IS BEING BROUGHT PURSUANT TO 5 USCS § 552a(d)(2).  I AM REQUESTING CORRECTION OF INACCURATE PARAGRAPHS OF THE PRESENTENCE INVESTIGATION REPORT(PSR).   THE FACTS INVOLVED ARE READILY ASCERTAINABLE THAT WERE MATTERS OF PUBLIC JUDICIAL RECORD: TRIAL TRANSCRIPTS FROM A PUBLIC TRIAL.
5 U.S.C. § 552a(d)(2), "PERMIT THE INDIVIDUAL TO REQUEST AMENDMENT OF A RECORD PERTAINING TO HIM."  FURTHER 5 U.S.C. § 552a(e)(5), STATES:
     EACH AGENCY THAT MAINTAINS A SYSTEM OF RECORDS SHALL MAINTAIN ALL RECORDS
     WHICH ARE USED BY THE AGENCY  IN MAKING ANY DETERMINATION ABOUT ANY INDIVIDUAL
     WITH SUCH ACCURACY, RELEVANCE, TIMELINESS, AND COMPLETENESS AS IS REASONABLE
     NECESSARY TO ASSURE FAIRNESS TO THE INDIVIDUAL IN THE DETERMINATION.
THE PSR MAINTAINED BY THE BUREAU OF PRISONS(BOP) IS A RECORD.   THE BOP IS AN AGENCY.   THE PSR MAINTAINED BY THE BOP CONTAINS INACCURATE INFORMATION THAT SHOULD BE AMENDED TO REFLECT THE ACTUAL FACTS TO ASSURE FAIRNESS TO ME (THE INDIVIDUAL) IN ANY DETERMINATIONS BY THE BOP.   SPECIFICALLY PARAGRAPH(S) 67, THE TRIAL TRANSCRIPTS SHOW NIXON TESTIMONY IS SILENT WITH REFERENCE TO DRUG AMOUNTS WITH THE EXCEPTION TO "A KILO OR POWDER COCAINE." THE PSR STATES "SOME CRACK." SEE TRIAL TRANSCRIPTS R10-107-108, AND R10-109-110.

| 3-27-06 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED
MAR 30 2006
REGIONAL COUNSEL'S OFFICE-SERO
BUREAU OF PRISONS

06 1698

**FILED**

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: 404084-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

BP-230(13)

PARAGRAPH 69, STATES THAT TELLY CARSWELL TESTIFIED TO "FOUR TRIPS" TO FLORIDA.
THE ACUTAL TRIAL TESTIMONY SHOWS CARSWELL TESTIFIED TO "TWO TRIPS." SEE TRIAL
TRANSCRIPT, R10-1109-191.

PARAGRAPH 70, STATES THAT MARLIN DAVIS "RECEIVED 1 KILOGRAM OF COCAINE" THE TRIAL
TESTIMONY OF LEE ROY SMITH STATES "AN OUNCE AND NOT 1 KILOGRAM AS THE PSR STATES.
SEE TRIAL TESTIMONY R11-1110-178.  SEE ALSO, MICHELLE KENNEDY'S TESTIMONY R10-1109-191,
KENNEDY DID NOT KNOW HOW MUCH HE BROUGHT.

PARAGRAPH 73, STATES "1 KILO" STORED AT MICHELLE KENNEDYS HOME.  MICHELLE KENNEDY'S
TESTIMONY REFERRED ONLY TO "DRUGS."  SEE R7-1107-180-81.  THE TESTIMONY OF GREGORY
MATTHEWS, ALSO DOES NOT SUPPORT "1 KILO" HE ALSO REFFERED TO SOME "DOPE."  SEE
R7-1107-155-56, 158.

THE PSR STATES THE UNRESOLVED CONTROVERTED MATTERS LISTED "AFFECT THE LENGTH OF
SENTENCE"  THIS APPEAL IS NOT WITH REGARDS TO SENTENCE ONLY TO CORRECT THE INACCURATE
PARAGRAPYS.

3-27-06

Regional Administrative Remedy Appeal No.  404084-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
March 30, 2006.  You assert your Presentence Investigation Report (PSIR) contains
inaccurate information.  You want your PSIR corrected.

Our investigation reveals that on March 12, 2006, staff referred your concerns in writing
to the appropriate United States Probation Office, and requested a written response in
accordance with applicable policy.  If you have any further questions, please see a
member of your unit team.

Accordingly, your Regional Administrative Remedy Appeal is for informational purposes
only.  If dissatisfied with this response, you may appeal to the Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534.
Your appeal must be received in the Office of General Counsel within 30 calendar days
from  the date of this response.

_____4-24-06_____
Date

_____
Regional Director, SERO

**APPENDIX C**



**U. S. Department of Justice**
*Federal Bureau of Prisons*
*Federal Correctional Institution*
*Post Office Box 699*

*Estill, South Carolina 29918*

April 12, 2006

Mr. W. Stephen Townley
Chief Probation Officer
100 United States Courthouse Annex
111 North Adams Street
Tallahassee, Florida 32301

RE: DAVIS, Marlin
     Register Number: 30704-004
     Docket Number: TCR 92-04013-019

Dear Mr. Townley:

This letter is in regard to an Inmate Request to Staff dated February 2006.  In the Inmate Request
to Staff, Davis requested inaccurate information in his Pre-Sentence Investigation Report be
amended.

Upon talking with Davis he has four areas of contention in his Pre-Sentence Investigation Report.
First, on page 13, paragraph 67, the Pre-Sentence Investigation Report states, " Marlin Davis
secured drugs from various sources in south Florida and provided kilogram quantities of cocaine
base to Jimmy Nixon on several different occasions."  Davis states the trial transcript shows
Nixon's testimony is silent with reference to drug amounts with the exception to a kilogram of
powder cocaine.  There is no reference in the trial transcript that Emerson Davis accompanied
Marlin Davis to sell Jimmy Nixon crack cocaine.

Also, on page 13, paragraph 69, the Pre-Sentence Investigation Report states, " Carswell made
four trips with Marlin Davis from Wadley, Georgia, to Fort Lauderdale, Florida, for the purpose
of procuring cocaine."  Davis states the trial transcript shows Carswell testified to two trips.

Also, on page 13, paragraph 70, the Pre-Sentence Investigation Report states, " In the fall of
1991, Marlin Davis met with Patricia Clarke, Michael Morgan, Michelle Kennedy, and Lee Roy
Smith (on at least two occasions) and received 1 kilogram of cocaine consisting of some
cocaine and some powder cocaine which was later cooked into crack cocaine.  Davis states the
trial testimony of Lee Roy Smith states it was an ounce and not 1 kilogram as stated in the
Pre-Sentence Investigation Report.

06 1698

FILED

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Finally, on page 14, paragraph 73, the Pre-Sentence Investigation Report states, " On a second occasion, Emerson Davis asked Kennedy to store approximately 1 kilogram of crack cocaine at her home which she did, but then left town. The trial transcripts indicate Kennedy's testimony referred to only drugs. Gregory Matthews' testimony in 1991, states Davis had asked Michelle Kennedy to keep some dope at Kennedy's sister's house.

I am writing in an effort to resolve this matter, at the inmates request. Since this is an official court document, I am not in a position to change the Pre-Sentence Investigation Report. However, it is the Bureau of Prisons' policy to help assist in whatever manner possible. Davis' Pre-Sentence Investigation Report was prepared by Randy J. Amos, United States Probation Officer. The Honorable William Stafford, United States District Judge, initially sentenced Davis to 360-month sentence with 5-years supervised release.

Any help in resolving this matter would be greatly appreciated.

Sincerely,

B. Smith
FCI Estill
Case Manager
803-625-4607X4153

PLEASE REPLY TO:
111 N. ADAMS ST, SUITE 100
TALLAHASSEE, FL 32301-7730
(850)521-3551
Fax (850)521-3579

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PROBATION OFFICE**

W. STEPHEN TOWNLEY
CHIEF U.S. PROBATION OFFICER
119 N. PALAFOX STREET
PENSACOLA, FL 32502
(850)470-8200

April 26, 2006

Mr. Bruce Smith
Case Manager, FCI
P. O. Box 699
Estill, SC 29918

RE:    **DAVIS, Marlin
       Register Number 30704-004**

Dear Mr. Smith:

In response to your request, I have reviewed the probation file and related court documents regarding Marlin Davis. As stated in your letter, Mr. Davis has requested that the presentence investigation report be amended based on what he claims is inaccurate information.

Prior to sentencing, Mr. Davis, through his attorney, made objections to the accuracy of the very paragraphs cited in your letter. The probation officer responded to those objections in the Addendum to the report, deferring to the judgment of the sentencing judge, who presided over the trial and was in the best position to determine the accuracy of the information in the report. At sentencing, the judge adopted the presentence report as written, as it related to the paragraphs in question.

In addition, the defendant's case has been reviewed on appeal by the 11th Circuit Court of Appeals, at which time his appeal was denied. The defendant also filed two motions with the District Court pursuant to 28 U.S.C. § 2255, requesting that his sentence be vacated and set aside. Both motions were denied.

It would appear that the probation office is unable to help Mr. Davis at this time. The defendant's case, including his presentence investigation report, has been thoroughly reviewed by the courts. The probation office has no authority to amend the report, absent an order from the court, which seems unlikely.

If I can be of further assistance in any way, please do not hesitate to contact me. I can be reached at (850) 521-3562.

Sincerely,

Janet A. Williams
U. S. Probation Officer

/jaw

**APPENDIX D**

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

| From: | MARLON DAVIS | 30704-004 | BB | FCI ESTILL |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

THIS IS IN RESPONSE TO THE DENIAL OF REQUEST FOR REGIONAL ADMINISTRATIVE REMEDY. WHICH
STATES IN PART:

OUR INVESTIGATION REVEALS THAT ON MARCH 12, 2006, STAFF REFERRED YOUR CONCERNS
IN WRITING TO THE APPROPRIATE UNITED STATES PROBATION OFFICE, AND REQUESTED A
WRITTEN RESPONSE IN ACCORDANCE WITH APPLICABLE POLICY.

THE DATE IN QUESTION IS IN FACT APRIL 12, 2006, AFTER THE REGIONAL OFFICE RECEIVED THE
REGIONAL ADMINISTRATIVE REMEDY APPEAL, BUT BEFORE A RESPONSE WAS ISSUED. ON APRIL 12,2006,
CASE MANAGER SMITH RECEIVED A CALL FROM MR. HENDERSHOT, WHO WAS AN ASSISTANT WARDEN
HERE AT FCI ESTIL. MR. HENDERSHOT, ADVISED MR. SMITH TO WRITE A LETTER TO THE PROBATION
OFFICE FOR THE NORTHERN DISTRICT OF FLORIDA.

IN **SELLERS V. BUREAU OF PRISONS, 959 F.2d 307 (D.C. CIR. 1992),** THE COURT RULED THAT
THE BUREAU OF PRISONS AND PAROLE COMMISSION DID NOT SATISFY REQUIREMENTS OF THE PRIVICY
ACT BY SIMPLY NOTING IN INMATE'S FILES THAT HE DISPUTED SOME OF THE INFORMATION CONTAINED
THEREIN BECAUSE THE CHALLENGED INFORMATION WAS CAPABLE OF BEING VARIFIED.

| 10-1-06 | _Marlon Davis_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED

JUN 0 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

06 1698

**FILED**

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| DATE | GENERAL COUNSEL | *40 4084-A2* |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

_(rotated text)_ '06 AUG 21 □ 1:03
F.C.I. ESTILL, SC.

**Part C—RECEIPT**

CASE NUMBER: _____

_(rotated text)_ RECEIVED
WARDEN'S OFFICE

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |

BY WRITING THE UNITED STATES PROBATION OFFICE AND PLACING IT IN MY FILE IS SIMPLY
NOT ENOUTH TO SATISFY THE REQUIREMENTS OF THE PRIVACY ACT.  THE INFORMATION IS
FROM A PUBLIC TRIAL AND CAN BE EASILY CONFIRMED.

THE COURT IN **SELLERS,** ALSO STATED AS LONG AS THE INFORMATION CONTAINED IN THE
AGENCY'S FILES IS CAPABLE OF BEING VERIFIED, THEM, UNDER THE PRIVICY ACE, THE
AGENCY MUST TAKE REASONABLE STEPS TO MAINTAIN ACCURACY OF THE INFORMATION TO ASSURE
FAIRNESS TO THE INDIVIDUAL AND, IF THE AGENCY WILLFULLY OR INTENTIONALLY FAILS
T MAINTAIN ITS RECORDS THAT WAY, AND CONSEQUENTLY MAKES DETERMINATIONS ADVERSE
TO THE INDIVIDUAL, IT WILL BE LIABLE.

THE BUREAU OF PRISONS (BOP) REFERENCES THE PRESENTENCE REPORT (PSR) IN ITS DECISION
MAKING PROCESS WITH REGARD TO A NUMBER OF FACTORS INCLUDING DRUG AMOUNTS.  **SEE
ALSO DETERS V. U.S. PAROLE COM'N 85 F.3d 655**

5.8.06

Marlo Davis

(2)

**Administrative Remedy No. 404084-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim your Presentence Investigation Report (PSI) contains incorrect information that directly affects the length of your sentence.  You request correction of this information.

Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, states that if an inmate challenges information in the PSI, staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided.  If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the challenged document.  The Bureau of Prisons does not have the authority to make changes to the PSI.

Our review indicates staff have referred the disputed information in your PSI to the Chief, U.S. Probation Office, Northern District of Florida.  You will be informed of the response once it is received.  We concur with the actions of staff, find them appropriate, and in compliance with policy.

This response is provided for informational purposes only.


_____                    _____
August 11, 2006                              Harrell Watts, Administrator
        Date                                 National Inmate Appeals