UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Marlin Davis,                          :
                                       :
        Plaintiff,              :
    v.                                  :    Civil Action No. 06-1698 (CKK)
                                       :
Federal Bureau                         :
of Prisons *et al.*,                   :
                                       :
        Defendants.             :

MEMORANDUM OPINION

In this action brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff seeks "varification [*sic*] and amendment of inaccurate factual paragraphs from a public trial contained in his Presentence Report" maintained by the Bureau of Prisons ("BOP").[1] Compl. at 1. Defendant moves pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3) and (b)(6) to dismiss or for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion brought pursuant to Rule 12(b)(6).

I.  BACKGROUND

Plaintiff is a federal prisoner incarcerated at the Federal Correctional Institution in Estill, South Carolina. While reviewing his Presentence Investigation Report ("PSR") with Case Manager Bruce Smith in January 2006, plaintiff informed Mr. Smith that references relating to drug amounts supporting his conviction for Conspiracy to Distribute and to Possess with Intent to

---

[1] In addition to the BOP, plaintiff names the United States Probation Office as a defendant. As a court unit, the Probation Office is not subject to the requirements of the Privacy Act. *See* 5 U.S.C. § 551(1)(B) (excluding courts from the definition of agency); *Callwood v. Dep't. of Probation of the Virgin Islands*, 982 F. Supp. 341, 343 (D.Vi. 1997) (citing cases). The complaint against this defendant therefore is dismissed. The Court hereafter will refer to defendant in the singular.

Distribute Cocaine, Cocaine Base and Marijuana were inaccurate. Following Mr. Smith's suggestion, plaintiff submitted a grievance on February 13, 2006, noting the alleged inaccuracies in paragraphs 66, 67, 70, and 73 of the PSR. Compl. at 2; App. A.

By letter of April 12, 2006, Mr. Smith contacted the United States Probation Office ("USPO") in the Northern District of Florida (the location of the sentencing court) regarding plaintiff's allegations. Def.'s Mot., Declaration of Bruce Smith ("Smith Decl.") ¶ 10; Compl. App. C (Letter). By letter of April 26, 2006, the USPO informed Mr. Smith that plaintiff's defense counsel had objected to the challenged paragraphs during sentencing, but the sentencing judge adopted the challenged portions as written. Compl. App. C (Letter of April 26, 2006). The USPO further informed Mr. Smith that absent an order from the sentencing court, it had no authority to amend the PSR. *Id.* The BOP has "retained" in plaintiff's central file "all of the information provided by [plaintiff] and the USPO regarding [plaintiff's] challenge to the information contained" in the PSR. Smith Decl. ¶ 11. Plaintiff filed this action on September 29, 2006.

## II. DISCUSSION

### *1. The Court Has Subject Matter Jurisdiction*

Defendant argues that the Court is deprived of subject matter jurisdiction because the action is untimely. Def.'s Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mem.") at 11-12. The Privacy Act authorizes a lawsuit "to enforce any liability created under this section . . . [if it is] brought . . . within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). Defendant asserts that plaintiff "has known of the alleged inaccurate information

. . . since the time of his sentencing in June 1996," Def.'s Mem. at 12, but the Privacy Act is inapplicable to documents maintained by the courts. *See supra* n.1. Thus, the cause of action under the Privacy Act could not have arisen from the sentencing proceedings. Plaintiff counters that he "did not know the Bureau of Prisons used drug amounts to determine security level, and custody classifications until on or about January 12, 2006 . . . ." Pl.'s Response to Motion to Dismiss or Summary Judgment at 8. His initiation of this action nine months later constitutes a timely filing. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) therefore is denied.

### 2. *This Venue is Proper*

Defendant also seeks dismissal on the ground of improper venue, but it bases this claim on an erroneous reading of the complaint as a *habeas corpus* action. This Court is a proper venue for litigating Privacy Act claims. *See* 5 U.S.C. § 552a (g)(5) ("An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, <u>or in the District of Columbia</u>.") (emphasis added). Defendant's motion to dismiss pursuant to Fed. R. Civ. 12(b)(3) therefore is denied.

### 3. *Plaintiff Fails to State a Claim Upon Which Relief May Be Granted*

Because the Court is considering matters beyond the pleadings to resolve the merits of the complaint, it will apply the standard for summary judgment. *See* Fed. R. Civ. P. 12(b)(6) (conversion clause). Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Privacy Act requires executive branch agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]..." 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment provisions. *See Doe*, 936 F.2d at 1350; accord *Deters v. United States Parole Commission*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992). Nevertheless, the Privacy Act authorizes the head of law enforcement agencies to enact regulations exempting certain types of records from specified provisions of the Act. *See* 5 U.S.C. § 552a(j).

Plaintiff's claim for injunctive relief fails because the Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements. *See* 28 C.F.R. §16.97; *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (citing *Deters*, 85 F.3d at 658, n.2). Moreover, to the extent that BOP was obliged to verify the accuracy of the PSR, it complied by contacting the appropriate USPO. *See* Smith Decl. ¶¶ 9-10.

For the reasons stated above, the Court grants defendants' motion for summary judgment. A separate Order of dismissal accompanies this Memorandum Opinion.

                                              _____s/_____
                                              COLLEEN KOLLAR-KOTELLY
DATE: June 26, 2007                         United States District Judge